IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLSON RESTORATION, LLC<br>d/b/a SERVPRO OF GREATER BOULDER<br>d/b/a SERVPRO EXTREME RESPONSE<br>TEAM OLSON | ) <br> ) <br> ) <br> ) | *Electronically Filed* |
| *Plaintiff*, | ) <br> ) | CIVIL ACTION NO.: 2:18cv1652 |
| v. | ) <br> ) | |
| MOONBEAM CAPITAL INVESTMENTS, LLC, <br> and | ) <br> ) <br> ) <br> ) | |
| MOONBEAM LEASING & MANAGEMENT, LLC, <br> and | ) <br> ) <br> ) <br> ) <br> ) | |
| MOONBEAM EQUITIES X, LLC, <br> and | ) <br> ) <br> ) <br> ) | |
| CENTURY III MALL MGMT, LLC, | ) <br> ) | |
| *Defendants*. | ) | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Comes now Plaintiff, Olson Restoration, LLC d/b/a Servpro of Greater Boulder, d/b/a Servpro Extreme Response Team Olson ("Servpro"), and for its Complaint and Jury Demand against Defendants, Moonbeam Capital Investments, LLC ("Moonbeam Capital"), Moonbeam Leasing & Management, LLC ("Moonbeam Leasing"), Moonbeam Equities X, LLC ("Moonbeam Equities"), and Century III Mall MGMT, LLC ("Century Mall MGMT"), states as follows:

## PARTIES

1. Servpro is a Colorado limited liability company with its principal place of business located at 697 South Pierce Avenue, Louisville, Colorado 80027. The sole member of Servpro is a citizen of the State of Colorado.

2. Moonbeam Capital is a Nevada limited liability company with its principal place of business located at 9101 Alta Drive, Suite 1801, Las Vegas, Nevada 89145.

3. Moonbeam Leasing is a Nevada limited liability company with its principal place of business located at 9101 Alta Drive, Suite 1801, Las Vegas, Nevada 89145.

4. Moonbeam Equities is a Nevada limited liability company with its principal place of business located at 9103 Alta Drive, Suite 204, Las Vegas, Nevada 89145.

5. Century III Mall MGMT is a Pennsylvania limited liability company with its principal place of business located at 9103 Alta Drive, Suite 1801, Las Vegas, Nevada 89145.

6. Upon information and belief, Moonbeam Capital, Moonbeam Leasing, Moonbeam Equities, and Century III Mall MGMT do not have any members who are citizens of the State of Colorado.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Servpro seeks monetary damages in excess of $75,000 and because Servpro and Defendants are citizens of different states.

8. This Court is the proper venue for this dispute because a substantial part of the events or omissions giving rise to this Complaint occurred in this judicial district, this is the judicial district in which a substantial part of the property that is the subject of this action is situated, and the Contract between Servpro and Century Mall MGMT provides for venue in "the state or federal courts of the State of PA." 28 U.S.C. § 1391.

**STATEMENT OF FACTS**

9. On January 30, 2018, Century Mall MGMT hired Servpro to provide commercial water mitigation and asbestos abatement services following a flood at the Century III Mall, 3075 Clairton Drive, West Mifflin, Pennsylvania 15123 ("Property").

10. Servpro and Century Mall MGMT executed a Disaster Recovery Authorization and Service Contract ("Agreement") (attached as **Exhibit A**) prior to Servpro commencing its work. Attached as Exhibit B to the Agreement was a standard Servpro Rate Schedule, which set forth the rates that Servpro would charge for labor, materials, and equipment on the project.

11. The Agreement provided that Century Mall MGMT would pay Servpro within thirty days of receipt of the final invoice.

12. The Agreement further provided that if timely payments were not received, Century Mall MGMT would be required to pay Servpro "all costs of collections up to and including court costs, reasonable attorney's fees and interest charges at the lesser of 1) 1.5% per month; or 2) the maximum lawful interest rate permitted by applicable law."

13. Servpro's scope of work on the project included the following: water extraction; the removal of affected carpet, padding, insulation, drywall, ceilings and other materials; drying and stabilization of the building with commercial grade dehumidifiers, air scrubbers, and desiccant systems; and performing asbestos abatement.

14. Defendants requested that Servpro's mitigation (non-asbestos) services be divided into three separate phases: Phase I, Phase II, and Phase III.

15. Leon W. Williams, Jr. was Servpro's primary contact on the project and directed Servpro's work on the Property. Mr. Williams is the Assistant Vice President and Director of

Corporate Operations and Construction of Moonbeam Capital and Moonbeam Leasing, and he held himself out as having authority to approve all decisions related to the project.

16. Prior to signing the Agreement, Williams advised Servpro via email that Defendants' insurance company, Travelers Insurance ("Travelers"), had approved coverage for Servpro's work.

17. On February 8, 2018, and March 5, 2018, Servpro sent Century III Mall invoices totaling $445,549.62, for its work on Phase I of the project.

18. On February 12, 2018, Mr. Williams then advised Servpro via email to proceed with Phase III of Servpro's mitigation services.

19. On March 21, 2018, Servpro submitted its invoice for Phase II of the project totaling $436,724.12.

20. On May 21, 2018, Mr. Williams requested that Servpro send "the latest invoices that are outstanding so I can get them paid."

21. On May 25, 2018, Servpro submitted its invoice for Phase III of the project totaling $548,483.68.

22. On July 18, 2018, Servpro submitted its final invoice for the asbestos abatement, which totaled $80,246.17.

23. In total, Servpro charged $1,511,003.59 on the project.

24. Upon information and belief, Travelers Insurance remitted insurance proceeds to Moonbeam Capital throughout the project. Travelers Insurance remitted payment to Moonbeam Capital for almost the entire amount due on Servpro's invoices. However, Moonbeam Capital only remitted payment to Servpro in the total amount of $630,000.

25. Instead of paying all of the insurance proceeds to Servpro, Moonbeam Capital either kept the money itself and/or distributed the money to the other Defendants.

26. The owner of the Property, Century III Mall PA, then filed for bankruptcy to discharge Servpro's claim.

27. Servpro is still owed $881,003.59, plus contractual attorney fees and interest, for its work at the Property.

## COUNT I
### (Breach of Contract – Century Mall MGMT)

28. Servpro hereby incorporates the preceding paragraphs as if fully restated herein.

29. Servpro and Century Mall MGMT entered into an Agreement for the performance of mitigation and abatement services at the Century Mall.

30. The Agreement provides that Century Mall MGMT shall pay Servpro within thirty days of receipt of the final invoice and, if Century Mall MGMT fails to do so, that Century Mall MGMT would pay Servpro "all costs of collections up to and including court costs, reasonable attorney's fees and interest charges at the lesser of 1) 1.5% per month; or 2) the maximum lawful interest rate permitted by applicable law."

31. Further, the Agreement states that, "If for any reason [Century Mall MGMT] receives a check or draft from insurance company made payable to [Century Mall MGMT], [Century Mall MGMT] agrees to remit payment immediately to [Servpro] and hereby assigns to [Servpro] the right to any such payment." (Exhibit A, p. 1)

32. Servpro fully performed its obligations under the Agreement.

33. Century Mall MGMT breached the Agreement by not paying Servpro in full and failing to remit all insurance payments to Servpro.

34. Servpro has suffered harm as a result of Century Mall MGMT's breach of the Agreement.

35. Servpro is entitled to its attorney fees under both the Agreement and Pennsylvania law.

## COUNT II
**(Unjust Enrichment – Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing)**

36. Servpro hereby incorporates the preceding paragraphs as if fully restated herein.

37. Servpro conferred a benefit upon the Defendants in the form of its mitigation and abatement services, which resulted in Travelers' payment of insurance proceeds to Defendant Moonbeam Capital.

38. Upon information and belief, a portion of these insurance proceeds were later distributed to the other Defendants.

39. Servpro provided its mitigation and abatement services with the reasonable expectation of receiving full compensation for the same.

40. Defendants have been unjustly enriched by accepting Servpro's work and Travelers' payment without remitting full payment to Servpro.

41. Servpro has suffered harm as a result of Defendants' unjust enrichment.

## COUNT III
**(Fraud – All Defendants)**

42. Servpro hereby incorporates the preceding paragraphs as if fully restated herein.

43. Defendants made material false representations to Servpro regarding the fact that insurance payments would be made to Servpro for its work at the Property.

44. Defendants knew their representations to Servpro were false or made them with reckless disregard as to whether they were true or false.

45. Defendants made the misrepresentation so that Servpro would perform work at the Property, knowing that they would intentionally withhold the insurance proceeds and file bankruptcy on behalf of the owner of the Property.

46. Defendants' misrepresentations were made to mislead Servpro, and Servpro justifiably relied on the misrepresentations in performing its services without receiving payment for the same.

47. Servpro has suffered harm as a result of Moonbeam's actions.

## COUNT IV
**(Conversion – Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing)**

48. Servpro hereby incorporates the preceding paragraphs as if fully restated herein.

49. Servpro had a right to the insurance proceeds that Defendants Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing wrongfully converted.

50. Servpro did not consent to the withholding of the insurance proceeds.

51. Defendants Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing did not have lawful justification for withholding of the insurance proceeds.

## COUNT V
**(Tortious Interference – Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing)**

52. Servpro hereby incorporates the preceding paragraphs as if fully restated herein.

53. Servpro and Century Mall MGMT entered into an Agreement whereby Century Mall MGMT agreed that "[i]f for any reason [Century Mall MGMT] receives a check or draft from insurance company made payable to [Century Mall MGMT], [Century Mall MGMT] agrees to remit payment immediately to [Servpro] and hereby assigns to [Servpro] the right to any such payment." (Exhibit A, p. 1)

54. Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing purposefully, maliciously, and without justification interfered with Century Mall MGMT's performance under the Agreement by causing Travelers to issue payment solely to Moonbeam and by retaining Travelers' payment for itself.

55. Moonbeam Capital, Moonbeam Equities, and Moonbeam Leasing's actions were specifically intended to harm Servpro's Agreement with Century Mall.

56. Servpro has suffered harm as a result of Moonbeam's actions.

**WHEREFORE**, Plaintiff, Olson Restoration, LLC d/b/a Servpro of Greater Boulder, d/b/a Servpro Extreme Response Team Olson, respectfully seeks the following relief against Defendants, Moonbeam Capital Investments, LLC, Moonbeam Leasing & Management, LLC, Moonbeam Equities X, LLC, and Century III Mall MGMT, LLC:

1. An award of compensatory and punitive damages in an amount to be determined at trial;

2. The imposition of an equitable lien and/or constructive trust on any insurance proceeds received by Defendants for the project at issue in this lawsuit;

3. Pre- and post-judgment interest;

4. Contractual attorney fees and costs; and

5. Any and all other legal or equitable relief to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Plaintiff, Olson Restoration, LLC d/b/a Servpro of Greater Boulder, d/b/a Servpro Extreme Response Team Olson, demands a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Russell D. Giancola*
Russell D. Giancola, Pennsylvania ID# 20058
Porter Wright Morris & Arthur LLP
6 PPG Place, Suite 830
Pittsburgh, Pennsylvania  15222
Phone:  (412) 235-4500
Fax:  (412) 235-4510
Email:  rgiancola@porterwright.com

Justin L. Knappick (*pro hac vice* forthcoming)
Kevin F. Hoskins (*pro hac vice forthcoming*)
Dressman Benzinger LaVelle PSC
221 East Fourth Street, Suite 2500
Cincinnati, Ohio  45202
Phone:  (513) 241-4110
Fax:  (513) 241-4551
Email:  khoskins@dbllaw.com
           jknappick@dbllaw.com
*Attorneys for Plaintiff, Olson Restoration, LLC d/b/a Servpro of Greater Boulder d/b/a Servpro Extreme Response Team Olson*

11851461v.1